IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD E. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-1135-WEB |
| ) | |
| WESLEY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

Plaintiff Edward Sims, acting *pro se*, filed this action against his former employer, Wesley Medical Center.  He claims Wesley discriminated against him in employment on account of race, sex and age; and that it engaged in an unfair labor practice, "prejudicial bias," and "mental anguish."  The matter is now before the court on the defendant's motion pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss the complaint.

I.  *Summary of Complaint*.

Plaintiff alleges that he worked at Wesley for almost 25 years until he was terminated on January 10, 2006, by his supervisor Sandra Laymon.  Plaintiff contends Laymon discriminated against him on account of sex, race and age.  Doc. 1, p. 1.  He also contends Laymon demonstrated preferential treatment to other employees and caused him great mental pain and suffering.  He contends Wesley replaced him with a female employee who had only eight years of service "and no ortho experience."  *Id*.  Plaintiff complains that Ms. Laymon wrongfully accused him of "sneaking" over to another part of the medical center to use the telephone and that when she fired him she said, "You've been in trouble since 1999."  Plaintiff contends this

was improper because Laymon was not his supervisor in 1999 and under Wesley's policies she should not have relied on "write-ups" that were more than three years old. Plaintiff complains that when he tried to tell Laymon he was on his break, she responded that he wasn't guaranteed a break. Plaintiff also complains that in 2003, Laymon remarked that he had been in trouble since 1994. Plaintiff's complaint seeks $760,000 in lost wages and $22.7 million for pain, suffering and mental anguish.

II. *Motion to Dismiss*.

a. *"Prejudicial bias" and "mental anguish."* Defendant Wesley first contends that insofar as the complaint attempts to assert claims for "prejudicial bias" and "mental anguish," it fails to state a claim upon which relief can be granted. Plaintiff's responses (Docs. 10, 12) do not squarely address this issue, although plaintiff again refers to the circumstances of his dismissal and contends it caused him "mental anguish resulting in pain and suffering." Doc. 12 at 2.

Allegations that a defendant acted with "prejudicial bias" or caused "mental anguish" do not by themselves state a claim upon which relief can be granted under federal or state law. Nor do plaintiff's allegations support a claim for the recognized tort of intentional infliction of emotional distress or outrageous conduct. The courts have generally recognized that under Kansas law "mere termination of employment cannot be the basis for an intentional infliction of emotional distress claim." *See Mendia v. Hawker Beechcraft Corp.*, 2008 WL 216914 (D. Kan., Jan. 14, 2008) (citing cases). Accordingly, insofar as plaintiff's allegations of prejudicial bias and mental anguish are intended to state a claim for relief, the allegations fail to state a claim upon which relief can granted and must be dismissed under Rule 12(b)(6).

b.  *Race and age discrimination*.  Plaintiff claims the termination of his employment constituted discrimination on the basis of race and age.  As the defendant points out, insofar as plaintiff is attempting to assert such claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Kansas Act Against Discrimination, the law requires a plaintiff to first exhaust administrative remedies before bringing such claims in court. *See e.g., Medlock v. Otsuka Pharmaceutical, Inc*., 2008 WL 243674 (D. Kan., Jan. 29, 2008) (exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII);  *Smith v. Bd. of County Comm'rs*, 96 F.Supp.2d 1177, 1185 (D.Kan.2000) (age discrimination).  "The requirement that discrimination complaints first be presented to an agency rather than a court encourages informal conciliation-oriented resolution of disputes and reduces the burden on federal courts. It is also particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and possibly, to discover and correct its own errors.  *Sampson v. Civiletti*, 632 F.2d 860, 862-63 (10th Cir. 1980). Exhaustion of such administrative remedies is a "jurisdictional prerequisite" to filing suit.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

Plaintiff makes no allegation in his complaint or his response to suggest that he pursued administrative remedies on any claim of race or age discrimination.  Defendant, meanwhile, has produced copies of complaints filed by plaintiff with the EEOC and the KHRC showing that the only claim he made to these agencies was that he was terminated on account of sex.  In light of this failure to pursue administrative remedies, defendant's motion to dismiss will be granted insofar as the complaint asserts claims for race and/or age discrimination under Title VII, the ADEA, or the KAAD.  *See MacKenzie v. City and County of Denver*, 414 F.3d  1266, 1274 (10th

Cir. 2005) (a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC). The court lacks jurisdiction to hear any such claims.

The allegations in plaintiff's complaint, liberally construed, can also be viewed as asserting a claim under 42 U.S.C. § 1981. That section prohibits racial discrimination in the making and performance of private contracts, including contracts of employment. In contrast to Title VII, there is no exhaustion requirement for Section 1981 claims. *Aramburu v. Boeing Co.*, 112 F.3d 1498, 1410 (10th Cir. 1997). Defendant argues plaintiff has nevertheless failed to state a claim under section 1981 because such a claim requires purposeful discrimination, and plaintiff's complaint "alleges no facts whatsoever in support" of his "conclusory allegation" that he was discriminated against. Doc. 8 at 10. Although plaintiff's complaint is not a model of clarity, it does contain allegations that his Wesley supervisor unjustifiably terminated his employment on account of his race. Such an allegation is sufficient to allege purposeful discrimination and, at this point, is sufficient to state a claim for relief under section 1981. *Cf. Meade v. Merchants Fast Motorline, Inc.*, 820 F.2d 1124, 1125 (10th Cir. 1987) ("Although the words 'purposeful' or 'intentional' are not recited, the requisite state of mind is adequately captured"). Of course, in response to a properly supported summary judgment motion, plaintiff would have to come forward with specific evidence showing that he could prove these allegations. But at the pleading stage the plaintiff's allegations of race discrimination are sufficient to state a claim. Accordingly, the motion to dismiss this claim will be denied.

   c.  *Sex discrimination*. Defendant does not challenge plaintiff's exhaustion of administrative remedies on his claim of sex discrimination, but argues the claim must be

dismissed under Rule 12(b)(6) because "Plaintiff alleges no facts that support an inference that Defendant discriminates against males, nor does he allege any facts to suggest that, but for being male, he would not have been terminated." Doc. 8 at 12-13. Defendant essentially cites the elements required for a prima facie showing of discrimination and argues plaintiff has not alleged facts to meet those elements. Liberally construed, however, the complaint alleges that plaintiff's supervisor intentionally discriminated against him on account of sex and replaced him with a less qualified female employee. That is sufficient at the pleading stage. The prima facie showing of discrimination and the burden-shifting standards of *McDonnell-Douglas* are evidentiary standards rather than pleading standards. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). A plaintiff is not required to allege facts in the complaint to address those standards. The instant complaint gives fair notice of the plaintiff's claim. It includes the basic circumstances of his employment and termination and the grounds upon which plaintiff alleges sex discrimination. "These allegations give respondent fair notice of what petitioner's claims are and the grounds on which they rest." *Swierkiewicz*, 534 U.S. at 514. The motion to dismiss plaintiff's claim of sex discrimination is therefore denied.

  d. *Unfair labor practice*. Defendant argues that plaintiff's allegation of "unfair labor practice" must be dismissed because any such claim falls under the exclusive jurisdiction of the National Labor Relations Board. Defendant further argues that any such claim is time-barred under the National Labor Relations Act. Plaintiff's allegations concerning his claim for an unfair labor practice are not entirely clear. The basis of his complaint appears to be that his supervisor wrongfully told him that he was not guaranteed a break. Doc. 1 at 6.

  Plaintiff's allegations of an unfair labor practice are simply too vague to support a claim.

He may be referring to rights under a collective bargaining agreement, but the complaint is not clear in that regard.  Plaintiff does not say whether he was a member of a collective bargaining unit or whether he pursued a grievance concerning the same.  Nor do his allegations provide any basis upon which the court can identify the source of his alleged right to a take break or what standards the defendant allegedly violated.  Under the circumstances, the court will grant the defendant's motion to dismiss this claim for failure to state a claim upon which relief can be granted.

III.  *Conclusion*.

Defendant Wesley Medical Center's Motion to Dismiss the Complaint (Doc. 7) is GRANTED IN PART and DENIED IN PART.  The motion to dismiss is granted with respect to any claims for: "prejudicial bias" or "mental anguish;  race or age discrimination under Title VII, the ADEA, or the KAAD; and for "unfair labor practice."  Such claims are DISMISSED without prejudice.  The motion to dismiss is denied with respect to plaintiff's claims for sex discrimination and his claim for race discrimination under 42 U.S.C. § 1981.

IT IS SO ORDERED this   19th   Day of March, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge