**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EDWARD E. SIMS,** | ) | |
| **Individually/PRO SE** | ) | |
| **Plaintiff,** | ) | **Case No. 07-1135-WEB** |
| **v.** | ) | |
| **WESLEY MEDICAL CENTER,** | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Defendant Wesley Medical Center ("defendant"), by defendant's counsel, having obtained Plaintiff's agreement as to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, including, for example, but not limited to, plaintiff's confidential medical records, tax information and other private documents regarding plaintiff's income, defendant's confidential, proprietary and/or trade secret information including, but not limited to, its business practices, research and development, technologies, non-public marketing information, compensation and retirement practices, employee-related costs and other confidential and sensitive internal information concerning defendant's business operations, the personnel files and/or personnel information of current and/or former employees of defendant, defendant's financial records or other documents

concerning defendant's income, net worth and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2. **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that this shall include, but is not necessarily limited to, information relating to the following topics: the confidential financial and/or net worth information of defendant, including tax returns, annual reports, profit and loss statements, and balance sheets; confidential proprietary information concerning defendants, the confidential personnel and/or human resource files of any of defendant's current or former employees; and medical, financial and/or tax records relating to plaintiff.

3. **Designating Documents and Interrogatory Answers as Confidential**. Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Upon discovering that it has inadvertently failed to designate material as "Confidential," the party producing such

material shall notify the other party immediately that such documents shall be marked and deemed "Confidential" and the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "Confidential," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and if such information has been previously disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated. Parties to this action may also designate deposition testimony as "Confidential Information" by advising the party, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.** Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;

(b) Their counsel, counsel's legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Any independent document reproduction services or document or video recording

and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

Counsel and plaintiff shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

5. **Disputes Concerning Designation(s) of Confidential Information.** Nothing in this Protective Order constitutes a finding or admission that any "Confidential" material or information is in fact confidential or otherwise not subject to disclosure. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court. Nothing in this Order shall preclude the Court, *sua sponte*, from determining that a "Confidential" designation is unwarranted and ordering the removal of such designation.

6. **Binding Effect of This Order.** This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

7. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. In no event shall any material designated "Confidential" be disclosed to any person (except those described in paragraph 4) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby. In the event of depositions of third party witnesses, during which "Confidential" information is to be shown or revealed to the deponent, the party seeking to use such materials shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A. Unless such a declaration is obtained, "Confidential"

information shall not be disclosed to the deponent. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court.

Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the material produced by it as "Confidential." This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as, a result of this litigation. Any information subject to this Order used at any trial loses its confidential status and is not subject to the terms of this Order. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

8. **Return of Confidential Information.** At the conclusion of this litigation the parties shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If a party fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and the other party may destroy such records at their option. The parties, however, retain the right to keep an opposing party's "Confidential" material, but only for the purpose of preserving a file in this matter. The parties also retain the right to keep any documents that were admitted as exhibits in this case.

9. **Duration of this Order.** The confidentiality obligations imposed by this Order shall

remain in effect unless otherwise expressly ordered by the Court.

**IT IS SO ORDERED**.

Dated this 20th day of May, 2008.

s/ DONALD W. BOSTWICK
U.S. Magistrate Judge

**APPROVED AS TO FORM AND CONTENT**

Respectfully submitted,
**BRYAN CAVE LLP**

By: /s/ Catesby A. Major

Elaine Drodge Koch – #13918
Catesby A. Major – #21937

1200 Main Street, Suite 3500
Kansas City, Missouri 64105
Telephone: 816/374-3200
Facsimile: 816/374-3300
Email: edkoch@bryancave.com
catesby.major@bryancave.com

**Attorneys for Defendant**

And:

By: /s/ Edward E. Sims
Edward E. Sims

1641 N. Chautauqua
Wichita, KS 67214
(316) 807-8685
Email: dubeaz628@aol.com

**Plaintiff Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EDWARD E. SIMS,**<br><br>**Individually/PRO SE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WESLEY MEDICAL CENTER,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 07-1135-WEB** |

**<u>Exhibit A</u>**

**DECLARATION OF ____________________________________ UNDER PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, ________________________________, declare as follows:

1. My address is ________________________________________________.

2. My present employer is ________________________________________ .

3. My present occupation or job description is _________________________

_______________________________________________________.

4. I hereby acknowledge that I have received, or may receive, information designated as CONFIDENTIAL under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

5. I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

6. To assure my compliance with the PROTECTIVE ORDER, I hereby submit myself to the jurisdiction of the United States District Court For The District Of Kansas for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this PROTECTIVE ORDER.

7. I understand I am to (i) retain all of the materials I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this PROTECTIVE ORDER; (ii) make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

____________________________________
Signed

____________________________________
Date