IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD E. SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07-1135-WEB |
| | ) |
| WESLEY MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Memorandum and Order**

This matter is before the court on defendant Wesley Medical Center's Motion to Enforce Settlement Agreement and to Dismiss with Prejudice (Doc. 22). For the reasons stated herein, the court finds the motion should be granted.

I. *Background*.

Plaintiff Edward Sims, acting *pro se*, filed this action on May 14, 2007, alleging that his former employer Wesley Medical Center unlawfully discriminated against him. Wesley answered the complaint and filed a motion to dismiss the claims. On August 30, 2007, after plaintiff failed to respond to the motion, the court ordered him to show cause why the action should not be dismissed for failure to prosecute. Doc. 9. Mr. Sims responded on September 4, 2007, and the court subsequently granted in part and denied in part the defendant's motion to dismiss. Doc. 14.

The discovery phase of the case was then supervised by Magistrate Judge Don Bostwick. On July 2, 2008, Wesley filed the above-mentioned motion to enforce a settlement agreement. The motion alleges that Mr. Sims orally accepted an offer to settle the case for a specified sum on April 10, 2008. It alleges that later the same day, Mr. Sims changed his mind, and said he

wanted to start negotiations again.  The motion alleges that the parties then exchanged various messages and had further discussions in April and May.  Wesley alleges that on May 7, 2008, plaintiff again accepted an offer to settle the case for the same specified sum, and on May 8, 2008, he sent an e-mail to Wesley's counsel stating, "This is to officially inform you that I Edward Sims do accept the final offer of [the specified amount] to resolve this ongoing case against Wesley Medical Center."  Wesley alleges that on May 13, 2008, Mr. Sims executed and had notarized a confidential settlement agreement and Mutual Release and that on May 30, 2008, Mr. Sims negotiated the settlement check.  Documents supporting these allegations, including a copy of the Settlement Agreement, were submitted with the defendant's motion.

After Mr. Sims failed to respond to the motion, the court issued an order directing him to show cause why the motion should not be granted.  Doc. 25.  Mr. Sims subsequently filed a response asserting that "Judge Bostwick gave Defendants an unfair advantage" by stating that defense counsel could file a motion to enforce the verbal settlement agreement.  Plaintiff alleges that defense counsel, Ms. Major, subsequently "made a mockery of the negotiating process" by offering only $1,000.  Plaintiff alleges that Ms. Major later offered the same sum originally agreed to, but refused to negotiate any further and "resorted to threats and coercion" by stating that if he did not take the originally agreed-upon sum, she would file a motion to force him to take it and to pay court costs and fees.  Mr. Sims' response alleges that Judge Bostwick unfairly gave the defendant legal advice that undermined plaintiff's ability to negotiate a fair settlement.  He also alleges that Ms. Major forced him to accept an unfair settlement by the use of threats and coercion.

The court initially scheduled the matter for a hearing on September 22, 2008, and then re-

scheduled the hearing for October 2, 2008 based upon an unopposed motion.  Doc. 29.  Ms. Major appeared at the October 2 hearing for defendant Wesley, but Mr. Sims failed to appear for the hearing.  The file shows that notice of the hearing was mailed to Mr. Sims at the address he provided to the clerk's office.  The court orally granted the defendant's motion at the hearing.

　　　　II. *Discussion*.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir.2004).  The court afforded Mr. Sims an opportunity to appear and present any facts in opposition to the defendant's allegations, but he failed to appear at the hearing.  Under the circumstances, and after reviewing the materials provided by the defendant and Mr. Sims' allegations in response, the court concludes there are no genuine disputes of material fact in this matter.  Even accepting plaintiff's factual allegations as true, plaintiff has not shown any basis for repudiating or avoiding the settlement agreement.

　　　Issues involving the enforceability of a settlement agreement are resolved by applying state law.  *Rogler v. Standard Ins. Co.*, 30 Fed. Appx. 909, 913, 2002 WL 307731 (10th Cir.2002) *(citing United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir.2000)).  Under Kansas law, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it."  *Rogler*, 30 Fed. Appx. at 913 (*quoting Krantz v. Univ. of Kan.*, 271 Kan. 234, 21 P.3d 561, 567 (Kan.2001)).  Similarly, a "mere mistake of fact on the part of one of the parties to a release, in the absence of fraud, duress, undue influence, or mental incapacity, is not sufficient ground for the avoidance of a release."  *Fieser v. Stinnett*, 212 Kan. 26, 509 P.2d 1156, 1160-61 (Kan.1973).

Plaintiff's response does not deny that he signed the Settlement Agreement and Release or that he cashed the settlement check. Rather, he apparently claims he did so as a result of coercion and duress. But plaintiff's allegations do not rise to the level of duress that would permit avoiding the agreement. He alleges that Judge Bostwick gave the defendant an "unfair advantage," but Judge Bostwick attempted to assist both parties in this case, including Mr. Sims, in their efforts to resolve the case. If Judge Bostwick mentioned at some point that the defendant could file a motion seeking to enforce the settlement agreement, that is only stating an obvious fact. This was not "unfair assistance" and does not allow plaintiff to avoid the agreement. And the fact that defense counsel allegedly threatened to file a motion to enforce the agreement does not qualify as coercion or duress under the law. Duress requires a showing of a wrongful threat "which was intended or should reasonably have been expected to cause such fear as to deny the threatened party the exercise of free will and judgment in its decision to enter into such a transaction." *See McConwell v. FMG of Kansas City, Inc.*, 18 Kan.App.2d 839, 854, 861 P.2d 830 (1993). There was no such wrongful threat here. Any party to a case – including Mr. Sims – has a right to file motions with the court. The exercise of a such legal right, or a threat to exercise such a right, does not constitute duress. *See Riney v. Doll*, 116 Kan. 26, 225 P. 1059, 1062 (1924) ("It is not duress for one person to threaten another that he will use the law in so far as it is applicable to accomplish what he regards to be his rights."). Moreover, plaintiff failed to take any action or bring any such complaint to the court prior to executing the settlement agreement. He cannot now complain that he was coerced into accepting the settlement. Even viewed in a light most favorable to plaintiff, his allegations show no basis for invalidating the settlement agreement.

The record before the court shows there was a meeting of the minds between the parties as to all essential terms of a settlement agreement, that consideration was provided for the agreement, and that both parties voluntarily entered into the agreement.

III.  *Conclusion*.

Defendant Wesley Medical Center's Motion to Enforce Settlement Agreement and to Dismiss With Prejudice (Doc. 22) is GRANTED.  The court finds the parties have entered into a valid and binding settlement agreement, the terms of which are contained in Doc. 24, and the defendant has satisfied its obligation of payment under the agreement.  In accordance with the terms of the agreement, the action is hereby DISMISSED WITH PREJUDICE.  Each party shall bear its own costs.  Judgment shall be entered accordingly.

IT IS SO ORDERED this  3rd   Day of October, 2008, at Wichita, Ks.

                s/Wesley E. Brown
                Wesley E. Brown
                U.S. Senior District Judge